UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SETH CHARLES (KLEIN) BEN HAIM,
Sderot Yerushalyim, #31
Ashqelon
Israel

BERNARD (KLEIN) BEN HAIM,
Sderot Yerushalyim, #31
Ashqelon
Israel

LAVI (KLEIN) BEN HAIM
Sderot Yerushalyim, #31
Ashqelon
Israel

                Plaintiffs,

                              Civil Action No.:

                              **COMPLAINT**

   vs.

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Ave. United Nations St.
Teheran, Iran

THE IRANIAN MINISTRY OF INFORMATION AND SECURITY
Pasdaran Ave. Golestan Yekom Teheran, Iran

AYATOLLAH ALI HOSEINI KHAMENEI
Supreme Leader of the Islamic Republic of Iran
Office of the Supreme Leader
Palestine St. Teheran, Iran

ALI AKBAR HASHEMI-RAFSANJANI
Former President of the Islamic Republic of Iran
Presidential Office Palestine St. Teheran, Iran

ALI FALLAHIAN-KHUZESTANI
Former Minister of Information and Security
Ministry of Information and Security
Pasdaran Ave. Golestan Yekom
Teheran, Iran

                Defendants

Plaintiffs, by their attorneys, complain of the defendants and allege for their Complaint as follows:

## **INTRODUCTION**

1. Plaintiffs are United States citizens harmed by a terrorist attack on a passenger bus traveling to the Gaza strip on April 9, 1995, carried out by the Palestine Islamic Jihad ("PIJ").

2. Plaintiffs previously brought suit in this Court against the instant defendants under the "terrorism exception" to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1605(a)(7). *See Ben Haim v. Islamic Republic of Iran*, Civ. No. 02-1811(RCL).

3. On March 24, 2006, this Court entered a decision finding that defendants Islamic Republic of Iran ("Iran") and Iranian Ministry of Information and Security ("MOIS") had provided PIJ with extensive material support and resources for the execution of terrorist attacks such as that in which the plaintiffs were injured, and holding the instant defendants liable for plaintiffs' injuries. *See Haim v. Islamic Republic of Iran*, 425 F.Supp.2d 56 (D.D.C. 2006).

4. The Court entered judgment awarding the plaintiffs compensatory damages against the instant defendants, jointly and severally, totaling $16,000,000. *Id.* at 76. The Court denied plaintiffs' request for punitive damages. *Id.* at 70-71.

5. The defendants have refused to honor the Court's judgment, and the judgment remains entirely unpaid.

6. Recognizing the difficulties faced by American victims of terrorism in bringing suits against foreign state sponsors of terrorism, and the even greater challenges faced by

successful plaintiffs who seek to enforce their judgments against such defendants, Congress recently enacted sweeping amendments to the FSIA in §1083 of the National Defense Authorization Act for Fiscal Year 2008, H.R. 4986. P.L. 110-181, January 28, 2008 ("Defense Act").

7.     Section 1083 of the Defense Act repeals §1605(a)(7) and enacts in its place a new provision, §1605A. Section 1605A(c) creates an entirely new federal cause of action for American citizens injured in terrorist attacks sponsored by designated foreign state sponsors of terrorism. 28 U.S.C. §1605A(c). This new cause of action permits such plaintiffs to seek a broad range of damages, including punitive damages, against foreign state defendants. *Id.*

8.     Section 1083 of the Defense Act also amends §1610 of the FSIA, which governs enforcement of judgments against foreign states. A new subsection, §1610(g)(1), contains a statutory-veil-piercing provision, permitting judgments entered under §1605A against a foreign state to be enforced against assets held by the foreign state's subsidiaries. Section 1610(g)(2) also eases enforcement by permitting enforcement of §1605A judgments against assets of the foreign state judgment debtor regulated by the United States.

9.     Section 1083(c) of the Defense Act also provides that "If an action arising out of an act or incident has been timely commenced" under §1605(a)(7)" then "any other action arising out of the same act or incident may be brought" under §1605A if the new action is commenced not later than the latter of 60 days after (A) the date of the entry of judgment in the original action or (B) the date of the enactment of the Defense Act. §1083(c)(3).

10. Accordingly, plaintiffs bring the instant action under §1605A pursuant to §1083(c)(3) of the Defense Act.[1]

## JURISDICTION

11. This Court has jurisdiction over this matter and defendants pursuant to 28 U.S.C. §§1330, 1331, 1332(a)(2) and 1605A(a)(1).

## VENUE

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(f)(4).

## PARTIES

13. SETH CHARLES (KLEIN) BEN HAIM, an American citizen, suffered severe physical and emotional injuries and harm in a terrorist bus bombing on April 9, 1995 (hereinafter "the terrorist bombing").

14. BERNARD (KLEIN) BEN HAIM, an American citizen, is the father of SETH CHARLES (KLEIN) BEN HAIM and was harmed by the terrorist bombing.

15. LAVI (KLEIN) BEN HAIM, an American citizen, is the brother of SETH CHARLES (KLEIN) BEN HAIM and was harmed by the terrorist bombing.

16. The Islamic Republic of Iran ("Iran") all times relevant hereto was a foreign state within the meaning of 28 U.S.C. §1603 designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)).

17. The Iranian Ministry of Information and Security ("MOIS") is the Iranian intelligence service. Within the scope of its agency and office, MOIS provided material support

---

[1] Contemporaneously with the filing of this action the plaintiffs have moved pursuant to § 1083(c)(2) of the Defense Act to give their existing judgment effect as if it had been given under §1605A. If that motion is granted (which plaintiffs respectfully hope and believe it should be), this action will be moot.

and resources for terrorism and performed actions which caused the terrorist bombing and the harm to plaintiffs.

18. Ayatollah Ali Hoseini Khamenei ("Khamenei") is the Supreme Leader of Iran. Within the scope of his office, employment and agency, he performed actions which caused the terrorist bombing and the harm to plaintiffs.

19. Ali Akbar Hashemi-Rafsanjani ("Hashemi-Rafsanjani") is the former president of Iran. Within the scope of his office, employment and agency, he performed actions which caused the terrorist bombing and the harm to plaintiffs.

20. Ali Fallahian-Khuzestani ("Fallahian-Khuzestani") is the former Iranian Minister of Information and Security. Within the scope of his office, employment and agency, he performed actions which caused the terrorist bombing and the harm to plaintiffs.

## STATEMENT OF FACTS

21. On April 9, 1995, SETH CHARLES (KLEIN) BEN HAIM was a passenger on the number 36 Egged bus, which was traveling from Ashkelon, Israel to a Mediterranean resort in the Gush Katif community in the Gaza Strip.

22. At or about 12:05 p.m. near Kfar Darom in the Gaza Strip, a suicide bomber belonging to and acting on behalf of Palestine Islamic Jihad drove a van loaded with explosives into the number 36 Egged bus, causing an explosion that destroyed the bus, killed eight persons including U.S. citizen Alisa Flatow, and injured many others.

23. SETH CHARLES (KLEIN) BEN HAIM suffered severe and permanent physical injuries and emotional harm in the terrorist bombing.

24. Palestine Islamic Jihad claimed responsibility for and in fact perpetrated the terrorist bombing.

25. The Islamic Republic of Iran is a foreign state and has been designated a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)) continuously since January 19, 1984.

26. During the period relevant hereto, Iran provided Palestine Islamic Jihad with massive and continuous material support and resources within the meaning of 28 U.S.C. §1605A in order to facilitate and further the commission of terrorist attacks by Palestine Islamic Jihad. During this period, Iran provided approximately two million dollars annually in support of Palestine Islamic Jihad's terrorist activities. Iran's provision of funds and other material support and resources to Palestine Islamic Jihad caused the terrorist bombing and the harm to plaintiffs.

27. MOIS is the Iranian intelligence service, functioning both within and beyond Iranian territory. At all relevant times, MOIS performed acts in furtherance of Iranian policy and interests and within the scope of its agency and office, within the meaning of 28 U.S.C. §1605A, which caused the harm to plaintiffs. Specifically, MOIS acted as a conduit for Iran's provision of funds and other material support and resources to Palestine Islamic Jihad and performed other acts which caused the terrorist bombing and the harm to plaintiffs. Accordingly, Iran is vicariously liable for the acts of MOIS.

28. At all relevant times, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani were senior officials, agents and employees of Iran. Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani performed acts in furtherance of the policy and interests of Iran and MOIS

and within the scope of their agency, office and employment, within the meaning of 28 U.S.C. §1605A, which caused the harm to plaintiffs. Specifically, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani approved the provision of funds and other material support and resources by Iran and MOIS to Palestine Islamic Jihad and performed other acts which caused the terrorist bombing and the harm to plaintiffs. Accordingly, Iran and MOIS are vicariously liable for the acts of Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani.

29. In furtherance and as implementation of a specific policy and practice established and maintained by Iran in order to facilitate and further the commission of terrorist attacks by Palestine Islamic Jihad, defendants Iran, MOIS, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani, acting within the scope of their agency, office and employment, gave substantial aid, assistance, inducement and encouragement to one another and to Palestine Islamic Jihad, and knowingly and willingly conspired, agreed, induced and acted in concert with one another and with Palestine Islamic Jihad, in pursuance of a common plan and design, to provide material support and resources to Palestine Islamic Jihad.

30. The terrorist bombing was a willful and deliberate act of extrajudicial killing and torture because the explosion was caused by a bomb that was deliberately driven into the bus by an agent of Palestine Islamic Jihad acting under the direction of the other defendants.

**CAUSE OF ACTION
ON BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS
ACTION FOR DAMAGES UNDER 28 U.S.C. §1605A(c)**

31. The preceding paragraphs are incorporated by reference as though fully set forth herein.

32. Iran is a foreign state that at all relevant times was designated as a state sponsor of terrorism within the meaning of 28 U.S.C. §1605A.

33. Iran and the other defendants provided material support and resources, within the meaning of 28 U.S.C. §1605A, which caused and facilitated the terrorist bombing.

34. Defendants MOIS, Khamenei, Hashemi-Rafsanjani and Fallahian-Khuzestani were at all relevant times officials, employees, and/or agents of Iran, and they provided the material support and resources which caused and facilitated the terrorist bombing within the scope of their office, employment and/or or agency.

35. Defendants provided PIJ with material support and resources and other substantial aid and assistance, in order to aid, abet, facilitate and cause the commission of acts of international terrorism, extrajudicial killing and personal injury including the terrorist bombing which harmed the plaintiffs.

36. The terrorist bombing was an extrajudicial killing within the meaning of 28 U.S.C. §1605A.

37. Plaintiff SETH CHARLES (KLEIN) BEN HAIM suffered severe physical and psychological injuries as a result of the terrorist bombing, including: burns, disfigurement, loss of physical and mental functions and shrapnel wounds; extreme pain and suffering; loss of guidance, companionship and society; loss of consortium; severe emotional distress and mental anguish; loss of solatium; and pecuniary loss and loss of income.

38. The injuries suffered by plaintiff SETH CHARLES (KLEIN) BEN HAIM in the terrorist bombing caused plaintiffs BERNARD (KLEIN) BEN HAIM and LAVI (KLEIN) BEN

HAIM severe harm, including: loss of guidance, companionship and society; loss of consortium; severe emotional distress and mental anguish; loss of solatium; and pecuniary loss and loss of income.

39. The harm and injuries suffered by plaintiffs due to the terrorist bombing were the direct and proximate result of defendants' conduct described herein.

40. Defendants are therefore jointly and severally liable for the full amount of plaintiffs' damages under 28 U.S.C. §1605A(c), in amounts to be determined at trial.

41. Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages under 28 U.S.C. §1605A(c) in amounts to be determined at trial.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. Compensatory damages against all defendants, jointly and severally, in amounts to be determined at trial;

B. Punitive damages against all defendants, jointly and severally, in amounts to be determined at trial;

C. Reasonable costs and expenses;

D. Reasonable attorneys' fees;

E. Such further relief as the Court finds just and equitable.

Plaintiffs,
by their Attorneys,

_____
David J. Strachman
DC District Court Bar # D00210
McIntyre, Tate & Lynch, LLP
321 South Main Street, Suite 400
Providence, RI 02903 -7108
(401) 351-7700 tel.
(401) 331-6095 fax
djs@mtlhlaw.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Seth Charles (Klein) Ben Haim, Bernard (Klein) Ben Haim, and Lavi (Klein) Ben Haim

## DEFENDANTS

The Islamic Republic of Iran, The Iranian Ministry of Information and Security, Ayatollah Ali Hoseini Khamenei, and Ali Akbar Hashemi-Rafsanjani Ali Fallahian-Khuzestani

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David J. Strachman, Esq.
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §1605A Antiterrorism personal injury

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 3/25/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.